## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

In re: John Paul Hauser and            Case No.    3:15-bk-30473
      Ada Louise Hauser,                           Chapter 7

      **Debtors**
_____/

**DERWIN SIMS, SR.** and
**DAVID L. WEBBER,**

      Plaintiffs,
v.                                                         Adversary Case No. _____

**JOHN PAUL HAUSER,**
**ADA LOUISE HAUSER,**
and
**HAUSER FAMILY, LLC**

      **Defendants**
_____

## COMPLAINT FOR ADVERSARY PROCEEDING
_____

Come now, the above named Plaintiffs, by and through counsel, and file this Complaint Objecting to Discharge of the debtors pursuant to 11 U.S.C. 727 and Bankruptcy Rule 4004(d) and 7001(4), of the Federal Rules of Bankruptcy Procedure. The Court has jurisdiction in this mater pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C.§ 1409. This is a core proceeding pursuant to 28 U.S. C. § 157(b)(2).

1

Plaintiffs further challenge the dischargeability of the debt owed to Plaintiffs by the Defendants / Debtors pursuant to 11 U.S.C. § 523(a)(4) and (6), and Bankruptcy Rules 4007 and 7001.

In support of this Complaint, Plaintiffs would show the Court as follows:

## PARTIES

1. Plaintiffs Derwin Sims, Sr. and David Webber are creditors of the Debtors, John Paul Hauser and Ada Hauser, in this action. Responsive pleadings upon the Plaintiffs in this action may be served upon Plaintiffs via attorney Scott D. Hall, 105 Bruce Street, Sevierville, Tennessee.

2. Defendants/Debtors John P. Hauser and Ada Hauser currently reside in Sevier County, Tennessee, at 444 Cornus Avenue, Sevierville, Tennessee, 37862 and may be served with process at such location.

3. Hauser Family, LLC, is an inactive Arizona LLC with its last identified principal office located at 3300 N. Toltec Road, Eloy, Arizona 85231. The LLC purports to hold legal title to real property located in Sevier County, Tennessee. Ownership and interests in the Sevier County real property which is presently titled under the name of the LLC is at issue in this lawsuit. Defendant Hauser Family, LLC, can be served through its Registered Agent, Barry Lee Olpp, at 620 S. Asbury Drive, Pigeon Forge, Tennessee 37863.

## JURISDICTION

4. This Court has jurisdiction under 11 U.S.C. § 727, 11 U.S.C. § 523, and 28 U.S.C. § 1334. This adversary proceeding relates to the Chapter 7 Bankruptcy Proceeding referenced above in the style of this Complaint.

5. This adversary proceeding is a core proceeding as defined by 28 U.S.C. § 157(b)(2). In particular, this action is one which is commenced for the purpose of objecting to the dischargeability of the Judgment debt owed by the Defendants/Debtors and award to the Plaintiffs. 28 U.S.C. § 157(2)(I).

## FACTS

6. On the 25th day of April, 2013, the Circuit Court of Lee County, Arkansas, Civil Division, entered a Judgment awarding the Plaintiffs, Derwin Sims, Sr. and David L. Webber, the total sum of $714,211.08 against the Debtors, John P. Hauser and Ada Hauser. See attached **Exhibit A**.

7. The full amount of the Judgment, plus accrued interest, is presently due and owing to Plaintiffs from Defendants/Debtors. In accordance with the Arkansas Judgment, the Judgment shall bear simple interest at the rate of 8.5% per annum.

8. The Judgment has gone unpaid. Nothing has been paid on the Judgment, nor should be credited against the Judgment.

9. The Judgment of Plaintiffs was awarded as a result of fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Further, the acts of the Defendants/Debtors occurred through willful and malicious injury to business entities of the Plaintiffs and/or to the property of the Plaintiffs and their business entities.

10. Plaintiffs' Judgment is based on the fact that the Plaintiffs entered into business ventures with the Debtors. The ventures involved business associations of the parties.

11. To fund the business ventures, the Plaintiffs contributed capital (including cash) to further the ventures.

12. Additionally, the Plaintiffs contributed work, planning, and administrative resources for the benefit of the business ventures entered with the Debtors.

13. The business ventures of the parties were generally associated with manufacturing, construction, and the anticipated sale of improved real property.

14. As part of the business ventures with the Debtors, real and personal property was purchased and improved through the direct contributions and work of the Plaintiffs.

15. Real property was purchased, which was to have been titled in the name of the business venture.

16. Bank loans were secured as part of the business venture.

17. For the purpose of defrauding the Plaintiffs, real property was held by Debtors and not transferred to the parties' business venture, as was agreed upon and as was represented to have occurred by the Debtors.

18. For the purpose of defrauding, embezzling, and otherwise converting assets of the business venture, the Debtors changed serial numbers on personal property of the business venture.

19. The changing of serial numbers on personal property was primarily associated with modular units used by the business venture to serve as collateral and to ultimately be incorporated into the construction projects of the business venture.

20. The parties had fiduciary duties to each other and to their business association.

21. The Debtors breached their fiduciary duties by converting assets of the venture to their personal use and for their personal gain.

22. After defrauding, embezzling, and otherwise converting venture assets to their personal control, the Debtors abandoned their duties owed to the Plaintiffs and to the ventures, taking the money and assets with them.

23. Plaintiffs relied upon the untrue representations of the Debtors, wherein the Debtors misrepresented how real property was titled, how loans and venture funds were being used, and how assets were being managed. Plaintiffs believed and relied upon the untrue representations and promises of the Debtors, but later learned that such representations were untrue, and that the Debtors did not intend to comply with the promises made.

24. Particularly, the Debtors misallocated the funds secured through Forest City Bank and converted the funds for their personal gain. The funds were converted from the venture's use and control. Changing of serial numbers and misapplication of assets were methods used by the Debtors to secure cash, work, and other assets from the Plaintiffs.

25. In large part, the factual allegations set forth in this Complaint have been determined as fact and Debtors are collaterally estopped from disputing such facts. Attached hereto and incorporated herein are the findings of fact and conclusions of law rendered by Circuit Judge Bentley E. Story, First Judicial Circuit of Arkansas. See attached **Exhibit B**.

26. Defendants have, with intent to hinder, delay, or defraud have concealed property from Plaintiffs and the Court. Particularly, the Defendants hold in the name of a defunct LLC real property located in Sevier County, Tennessee. The true owners of such property are the Defendants. See attached **Exhibit C** (Warranty Deed).

27.     Defendants' Schedules are false, in that the property of the estate is not accurately reported. The Defendants have attempted to conceal their true assets via such inaccurate and false Schedules.

28.     Defendants' testimony before this Court has been false. The Defendants testified that their schedules were accurate and that the real property in Sevier County, Tennessee, had been controlled by third parties, when in fact the property is controlled and effectively owned by the Defendants. Defendants have presented and maintained false records and/or concealed records to avoid having their property classified as property of the estate.

THEREFORE, UPON THE ABOVE PREMISES, it is requested,

a)      that Defendants / Debtors be required to answer this Complaint as required by law;

b)      that this Bankruptcy Court deny discharge, in accordance with 11 U.S.C. § 727;

c)      that the Plaintiffs' claim against and the debt owed by the Debtors be deemed non-dischargeable pursuant to 11 U.S.C. § 523; and

d)      that Plaintiffs be awarded attorney's fees based on the Defendants' fraudulent acts and equity; and

e)      that other and further relief be granted as appropriate and specified as consistent with facts of this case and the Bankruptcy Act.

Respectfully submitted this 26th day of May, 2015.

/s/ Scott D. Hall
Scott D. Hall, BPR #014874
Attorney for Mr. Sims and Mr. Webber
105 Bruce Street
Sevierville, Tennessee 37862
(865) 428-9900

## Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing **Complaint for Adversary Proceeding** has been served upon the following counsel or party in interest herein by delivering same to the address of said counsel or party, or by mailing same to the offices of said counsel or address of the party by United States Mail with sufficient postage thereon to carry it to its destination.

William E. Maddox, Jr., Esq.
P.O. Box 31287
Knoxville, TN 37930

John P. Newton, Jr., Trustee
1111 Northshore Drive, Suite S-570
Knoxville, TN 37919

This 26th day of May, 2015.

/s/ Scott D. Hall
Scott D. Hall, BPR #014874
Attorney for Plaintiffs Mr. Sims and Mr. Webber
105 Bruce Street
Sevierville, Tennessee 37862
(865) 428-9900